UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DOUGLAS BOGGS, MICHELLE A. MOQUIN,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK NA, WACHOVIA MORTGAGE, WORLD SAVINGS, NDEX WEST LLC, GOLDEN W SAV. ASSOC. SERVICES CO., and DOES 1 to 50,<br><br>Defendants. | Case No:  C 11-2346 SBA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Docket 7, 44, 45 |

Plaintiffs Douglas Boggs ("Boggs") and his wife, Michelle A. Moquin, ("Moquin"), claim that they were defrauded in connection with the refinancing of their home in 2005. They commenced the instant pro se action in state court against Wells Fargo Bank NA ("Wells Fargo"), Wachovia Mortgage ("Wachovia"), World Savings, NDEX West LLC ("NDEX") and Golden West Savings Association Services ("Golden West") alleging causes of action for breach of contract and fraud. Defendants removed the action on the basis of diversity jurisdiction, and on the grounds that Plaintiffs' claims are preempted by the Homeowners' Loan Act of 1933 ("HOLA"). 28 U.S.C. § 1331, 1332. The parties are presently before the Court on Wells Fargo and Golden West's motion to dismiss. NDEX and LSI Title Company ("LSI") have filed joinders in the motion.[1] Having read and considered the papers filed in connection with this matter and being fully informed, the

---

[1] LSI was joined as a party subsequent to removal. Dkt. 25, 26.

Court hereby GRANTS the motion for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

### A. FACTUAL SUMMARY

On August 8, 2005, Moquin obtained a $440,000 home loan from World Savings for property located at 1038-57th Street, Oakland, California 94608 (the "Property"). Compl. ¶ BC-4. The loan was secured by a deed of trust recorded against the Property. Defs.' Request for Judicial Notice ("RJN") Ex. A, Dkt. 8. The Deed of Trust identifies World Savings as the lender and Golden West as the trustee. Id. at 1-2.

On or about July 5, 2007, Boggs and Moquin obtained a $100,000 line of credit against the Property which was secured by a second Deed of Trust. Id. The trust deed identifies Golden West as the trustee and World Savings as the beneficiary, id., and provides, in pertinent part, that the borrowers shall perform all of their obligations under any senior mortgage or deed of trust, RJN Ex. B at 4, § 4.

Though not expressly alleged in the Complaint, it appears that at some point Plaintiffs ceased making payments on their first mortgage. Comp. ¶ FR-2. As a result, NDEX, as agent for the beneficiary for the trust deed, recorded a Notice of Default against the Property on December 28, 2010. Id. Ex. A. On March 24, 2011, NDEX recorded a Notice of Trustee's Sale, which set April 19, 2011 as the date of the foreclosure sale. Id. Ex. C.[2] It is not clear whether the Property has been sold, however.

---

[2] The mortgage and line of credit were originated by World Savings, which at that time was a federal savings bank. Defs.' Request for Judicial Notice ("RJN") Ex. C. World Savings was later acquired by Wachovia, which, in turn, was acquired by Wells Fargo. Id. Exs. D, E. Wells Fargo recorded a Substitution of Trustee appointing NDEX as the substitute trustee in place of Golden West on February 8, 2011.

### B. PROCEDURAL HISTORY

#### 1. Pleadings

On April 11, 2011, Plaintiffs filed a pro se Complaint in Alameda County Superior Court against Wells Fargo, Wachovia and World Savings Bank, as the lenders, and against Golden West, the former trustee, and NDEX, the current trustee. On May 12, 2011, Wells Fargo (the successor to World Savings and Wachovia) and Golden West, joined by NDEX, removed the action on the basis of diversity and federal question jurisdiction. On July 27, 2011, Plaintiffs filed a "joinder" which purported to join LSI as a party-defendant. Dkt. 25, 26.[3] LSI is listed on the Notice of Default as NDEX's agent, and appears to have been involved in the recording of the Substitution of Trustee and Notice of Trustee's Sale.

The Complaint alleges causes of action for breach of contract and fraud. There are two aspects to the breach of contract claim. First, Plaintiffs allege that the foreclosure notices "did not disclose loan numbers, proper Trustees, or [c]omply with legal timeframes for notices," which thus prevented them from ascertaining who owns their loans. Compl. ¶¶ BC-1, BC-2. Second, Plaintiffs aver that Defendants violated the Real Estate Procedures Act ("RESPA") by failing to provide timely notice of the substitution of trustee. Id. at 4. In their second cause of action for fraud, Plaintiffs allege that they were fraudulently induced "to not pay the mortgage" under the guise that doing so would render them eligible for loan modification programs. Id. ¶ FR-2. However, the pleadings do not allege who made the representation or when it was made.

#### 2. Pending Motion

Defendants Wells Fargo and Golden West have filed a motion to dismiss in which they contend that Plaintiffs' claims are preempted by HOLA. Alternatively, Defendants argue that Plaintiffs' breach of contract claim fails to allege facts demonstrating their performance, and that their fraud claim fails to meet the particularity requirements of Rule

---

[3] Plaintiffs' joinder of LSI does not appear to comport with the Federal Rules of Civil Procedure. Nonetheless, LSI failed to object to its joinder in this action, and thus, has waived any objection thereto.

9(b). Defendant NDEX and LSI respectively filed joinders in the motion. Dkt. 12, 36.[4] Plaintiffs filed their opposition on September 6, 2011, and Wells Fargo and Golden West filed their reply brief on September 13, 2011. Dkt. 31, 33.

## II.  LEGAL STANDARD

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In deciding a Rule 12(b)(6) motion, courts generally "consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). "[A] court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007). The allegations must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted). Where a complaint or claim is dismissed, leave to amend generally is granted, unless further amendment would be futile. Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1087-88 (9th Cir. 2002).

---

[4] Wells Fargo and Golden West filed their reply brief on September 13, 2011. Dkt. 33. LSI filed a joinder in the motion on September 19, 2011. Civil Local Rule 7-3(d) provides that "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval," except in circumstances that are not applicable here. LSI did not seek or obtain leave of Court before filing it joinder. As such, LSI's joinder is improper. However, the arguments presented in Wells Fargo and NDEX's motion to dismiss and the Court's analysis thereof apply equally to LSI, even if it failed to timely join in the motion. See Silverton v. Dept. of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where the claims against such defendants are integrally related.").

## III. DISCUSSION

### A. BREACH OF CONTRACT

#### 1. HOLA Preemption

HOLA was enacted in 1933 to govern the activities of federal savings associations. See Silvas v. E*Trade Mortgage Corp., 514 F.3d 1001, 1004 (9th Cir. 2008). "HOLA created what is now the OTS [Office of Thrift Supervision] for the purpose of administering the statute, and it provided the OTS with 'plenary authority' to promulgate regulations involving the operation of federal savings associations." State Farm Bank v. Reardon, 539 F.3d 336, 342 (6th Cir. 2008). Pursuant to this authority, the OTS issued 12 C.F.R. § 560.2, which provides as follows:

> (a) Occupation of field. Pursuant to sections 4(a) and 5(a) of the HOLA, 12 U.S.C. 1463(a), 1464(a), OTS hereby occupies the entire field of lending regulation for federal savings associations. OTS intends to give federal savings associations maximum flexibility to exercise their lending powers in accordance with a uniform federal scheme of regulation. Accordingly, federal savings associations may extend credit as authorized under federal law, including this part, without regard to state laws purporting to regulate or otherwise affect their credit activities . . . .

Id. § 560.2(a). The effect of this express preemption clause is to virtually occupy the entire field of lending-related activities of qualifying lending associations, thus leaving no room for conflicting state laws. Fidelity Federal Sav. and Loan Ass'n v. de la Cuesta, 458 U.S. 141, 152-154 (1982); Silvas, 514 F.3d as 1007 n.3 (citing Rice v. Santa Fe Elev. Corp., 331 U.S. 218, 230 (1947)). OTS regulations are "preemptive of any state law purporting to address the subject of the operations of a federal savings association." 12 C.F.R. § 545.2. To clarify the scope of HOLA's preemption, 12 C.F.R. § 560.2(b) sets forth a non-exhaustive list of illustrative examples of the types of state laws that are expressly preempted.

A claim or state statute may be preempted by HOLA on an "as applied" or case-specific basis. See Silva, 514 F.3d at 1006. To determine whether a claim is preempted, "the first step will be to determine whether the type of law in question is listed in paragraph

(b) [of 12 C.F.R. § 560.2]." Silvas, 514 F.3d at 1005. If so, the state law is preempted. Id. Even state laws of general applicability, such as tort, contract, and real property laws, are preempted if their enforcement would impact federal savings associations in areas listed in § 560.2(b). Id. at 1006; 12 C.F.R. § 560.2(c). Alternatively, even if such laws are not covered by § 560.2(b), they may nonetheless be preempted if they have more than an incidental effect on the lending operations of a federal savings association. 12 C.F.R. § 560.2(c).

As noted, Plaintiffs' breach of contract claim appears to allege two, independent grounds for liability. As an initial matter, they allege that the Notice of Default and the Substitution of Trustee are "ambiguous" and untimely. Under 12 C.F.R. § 560.2(b)(10), state laws relating to the "[p]rocessing, origination, *servicing*, sale or purchase of, or investment or participation in, *mortgages*" are preempted. Thus, insofar as Plaintiffs' claim is predicated upon the adequacy of specific notices or disclosures during the foreclosure process, it is preempted by HOLA. See, e.g., Wornum v. Aurora Loan Servs., Inc., C 11-2189 JCS, 2011 WL 3516055, at *6 (N.D. Cal. Aug. 11, 2011) (finding that breach of contract claim based on defendants' alleged failure to contact plaintiff prior to foreclosure was preempted under 12 C.F.R. § 560.2(b)(10)); Giordano v. Wachovia Mortg., FSB, No. C 10-4661 JF, 2010 WL 5148428, at *3-4 (N.D. Cal. Dec.14, 2010) (finding that HOLA preempts state laws setting forth procedures for filing a notice of default and conducting a foreclosure sale).

### 2. RESPA

The second aspect of Plaintiffs' breach of contract claim alleges that Defendants violated RESPA by allegedly failing to provide them with notice of a substitution of trustee within fifteen days of the date the actual substitution occurs. Compl. at 4. The import of Plaintiffs' allegations, even when liberally construed, is not entirely clear. Nonetheless, to the extent that Plaintiff is challenging Defendants' conduct relating to their efforts to foreclose on the Property, such claim is preempted under 12 C.F.R. § 560.2(b)(10) for the same reasons stated above.

In their opposition, Plaintiffs now appear to argue that Defendants violated RESPA by allegedly colluding to foreclose on the Property. Pls.' Opp'n at 4-5. Since this claim is not pled in the Complaint, it is not properly before the Court. See Schneider v. Calif. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("'new' allegations contained in the [plaintiff]'s opposition motion, however, are irrelevant for Rule 12(b)(6) purposes."). But even if such a claim were pled, Plaintiffs have failed to demonstrate that Defendants violated RESPA. RESPA creates a private right of action for only three types of wrongful acts: (1) payment of a kickback and unearned fees for real estate settlement services, 12 U.S.C. § 2607(a), (b); (2) requiring a buyer to use a title insurer selected by the seller, 12 U.S.C. § 2608(b); and (3) the failure by a loan servicer to give proper notice of a transfer of servicing rights or to respond to a qualified written request for information about a loan, 12 U.S.C. § 2605(f). Patague v. Wells Fargo Bank, N.A., No. C 10-03460 SBA, 2010 WL 4695480, at *3 (N.D. Cal. Nov. 8, 2010). None of Plaintiffs' new allegations, which are entirely conclusory, are actionable under RESPA.

Given Plaintiffs' failure to allege any potentially plausible RESPA claim, the dismissal of Plaintiffs' breach of contract is without leave to amend. See Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("Facts raised for the first time in plaintiff's opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice.") (citing Orion Tire Corp. v. Goodyear Tire & Rubber Co., 268 F.3d 1133, 1137-38 (9th Cir. 2001)); Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995)) (holding that a court may properly deny a motion to amend "where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally.") (citing Allen v. City of Beverly Hills, 911 F.2d 367, 374 (9th Cir. 1990)).[5]

---

[5] The Court also notes that claims brought under § 2607 are subject to a one-year limitations period, which commences to run when the loan closes. See 12 U.S.C. § 2614; Snow v. First Am. Title Ins. Comp., 332 F.3d 356, 359 (5th Cir. 2003) (RESPA claim accrues at closing). Since Plaintiffs' loan closed in 2005, any RESPA claim would in any event be time-barred.

**B.    FRAUD**

"'The elements of fraud, which give rise to the tort action for deceit, are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.'" See Lazar v. Superior Court, 12 Cal.4th 631, 638 (1996) (citations omitted).  In their Complaint, Plaintiffs allege that Defendants fraudulently induced them not to pay their mortgage based on the allegedly false representation that such a course of action would assist Plaintiffs in qualifying for a loan modification.   Compl. ¶ FR-2.

Defendants assert that Plaintiffs' fraud claim relates to a statement regarding loan modification and loan servicing, and therefore, is preempted by 12 C.F.R. § 560.2(b)(10). Defs.' Mot. at 4.  "Generally . . . when courts find claims of fraud or misrepresentation to be preempted, the allegations are related to inadequate disclosure of fees, interest rates or other loan terms,[ ] or inadequate notice of various rights and procedures during the foreclosure process."  DeLeon v. Wells Fargo Bank, N.A., No. C 10-1390 LHK, 2011 WL 311376, at *6 (N.D. Cal. Jan. 28, 2011) (citation omitted).  "In contrast, when a plaintiff's claim relies on the general duty not to misrepresent material facts, and when application of the law does not regulate lending activity, California district courts have found that the claims are not preempted."  Id.

The instant Complaint is not a model of clarity.  Nonetheless, liberally construing the pleadings and drawing all reasonable inferences in favor of Plaintiffs, the Court finds that Plaintiffs' claim appears to be based on "general duty not to misrepresent material facts," rather than from a state law affecting the operation of a federal savings association. See 12 C.F.R. § 545.2.  As such, Plaintiffs' claim is not preempted by HOLA.

Alternatively, Defendants contend that Plaintiffs' allegations of fraud are too conclusory to pass muster under Rule 9(b).  Fraud claims and claims that "sound in fraud" or that are "grounded in fraud" must satisfy the heightened pleading requirements of Rule 9(b), which provides, in relevant part, that "[i]n alleging fraud or mistake, a party must state

with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009). This means that the complaint must allege "the who, what, when, where, and how" of the alleged fraudulent conduct, Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997), and "set forth an explanation as to why [a] statement or omission complained of was false and misleading," In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc); see Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir. 1995). Where multiple defendants are involved, the plaintiff also must identify the role of each defendant in the alleged fraudulent scheme. See Swartz v. KPMG LLP, 476 F.3d 756, 764-65 (9th Cir. 2007). Plaintiffs' fraud claim is alleged in an entirely conclusory manner and plainly fails to satisfy the particularity requirements of Rule 9(b). Said claim is therefore dismissed with leave to amend.

## IV. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Defendants' motion to dismiss is GRANTED. Plaintiffs' breach of contract claim is DISMISSED with prejudice. Plaintiffs' fraud claim is DISMISSED with leave to amend.

2. Plaintiffs shall have twenty (20) days from the date this Order is filed to file a Second Amended Complaint which rectifies the deficiencies in Plaintiffs' fraud claim, as set forth above. In the event Plaintiffs fail to timely amend their pleadings, the action will be dismissed with prejudice as to all Defendants.

3. The hearing on Defendants' motion scheduled for October 24, 2011 is VACATED. Defendants' requests to appear at the motion hearing by telephone are DENIED as moot.

4. This Order terminates Docket 7, 44 and 45.

1  IT IS SO ORDERED.

2 Dated: October 20, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

|   |   |
|---|---|
| 1 | UNITED STATES DISTRICT COURT FOR THE |
| 2 | NORTHERN DISTRICT OF CALIFORNIA |

DOUGLAS J BOGGS et al,

       Plaintiff,

  v.

WELLS FARGO BANK NA et al,

       Defendant.
                                       /

Case Number: CV11-02346 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 24, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Douglas J. Boggs
1038 57th Street
Oakland, CA 94608

Michelle A. Moquin
1038 57th Street
Oakland, CA 94608

Dated: October 24, 2011

                                        Richard W. Wieking, Clerk

                                        By: LISA R CLARK, Deputy Clerk