|   |   |
|---|---|
| DOUGLAS BOGGS, MICHELLE A. MOQUIN,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK NA, WACHOVIA MORTGAGE, WORLD SAVINGS, NDEX WEST LLC, GOLDEN W SAV. ASSOC. SERVICES CO., and DOES 1 to 50,<br><br>Defendants. | Case No: C 11-2346 SBA<br><br>**ORDER DENYING PLAINTIFFS' PRO SE MOTION FOR PRELIMINARY INJUNCTION**<br><br>Dkt. 79, 81 |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

Pro se Plaintiffs Douglas Boggs and Michelle Moquin bring the instant action against Wells Fargo Bank NA, Wachovia Mortgage, World Savings, NDEX West LLC, Golden West Savings Association Services and LSI Title Company, alleging that they were defrauded by these entities in connection with the refinancing of their property located at 1038-57th St., Oakland, California ("the Property") in 2005. The Court previously granted Defendants' motion to dismiss and allowed Plaintiffs leave to amend. Dkt. 47. Plaintiffs thereafter filed a Second Amended Complaint, which is the subject of various motions scheduled for hearing on April 9, 2012. Dkt. 56, 57.

The parties are now before the Court on Plaintiffs' motion for preliminary injunction. Dkt. 79, 81.[1] In their motion, Plaintiffs allege that on January 20, 2012, the

---

[1] Plaintiffs filed two motions, with the latter appearing to supersede the first. In violation of the Local Rules, neither motion is noticed for hearing. In addition, Plaintiffs failed to meet and confer with Defendants prior to bringing the instant motions. For these reasons alone, the motions may be denied. See Tri-Valley Cares v. U.S. Dept. of Energy,

1  Property was sold at a trustee's (foreclosure) sale to SGT Investments, LLC ("SGT"), and
2  Batalina Bay, LLC ("Batalina"). Dkt. 81 at 3. After the auction, an individual named Vi
3  Chau ("Chau") of FAS Realty, Inc. ("FAS") came to the Property, claiming to be its new
4  owner. Id. Accordingly, Plaintiffs now seek a preliminary injunction against SGT,
5  Batalina, Chau and FAS, to prevent them from taking possession of the Property. Id.
6  Although SGT, Batalina, Chau and FAS are not currently named defendants, Plaintiffs
7  purport to "add" them as parties to the action. Id.

8        To obtain a preliminary injunction, the moving party must show: (1) a likelihood of
9  success on the merits; (2) a likelihood of irreparable harm to the moving party in the
10 absence of preliminary relief; (3) that the balance of equities tips in the moving party's
11 favor; and (4) that an injunction is in the public interest. Winter v. Natural Res. Def.
12 Council, Inc., 555 U.S. 7, 20 (2008). "[A] preliminary injunction is an extraordinary and
13 drastic remedy, one that should not be granted unless the movant, *by a clear showing*,
14 carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)
15 (emphasis in original). A preliminary injunction cannot issue absent a sufficient
16 evidentiary showing. See Am. Passage Media Corp. v. Cass Commc'n, Inc., 750 F.2d
17 1470, 1473 (9th Cir. 1985) (vacating preliminary injunction where the supporting affidavits
18 were "conclusory and without sufficient support in facts").

19       Here, Plaintiffs have failed to make the requisite showing under Winter. Plaintiffs
20 merely assert that SGT and Batalina "were not good faith buyers" of the Property, and that
21 Chau misrepresented that he purchased the Property for FAS so that Plaintiffs would serve
22 the wrong entities with the instant motion. Pls.' Mot. at 2-3. However, Plaintiffs have
23 alleged no substantive claims against SGT, Batalina, Chau and FAS and none is a party to
24 the instant action. Though Plaintiffs purport to "add" them to the instant action, the proper
25 course of action to join additional parties is to file a motion to amend the pleadings under
26 Federal Rule of Civil Procedure 15. Though Plaintiffs are proceeding pro se, they

---

28 -- F.3d --, 2012 WL 373125, at *13 (9th Cir. Feb. 7, 2012).

1  nonetheless are subject to the same rules as a represented party.  See Swimmer v. I.R.S., 811
2  F.2d 1343, 1344 (9th Cir. 1987) ("[i]gnorance of court rules does not constitute excusable
3  neglect, even if the litigant appears pro se.") (citation omitted).  Accordingly,
4      IT IS HEREBY ORDERED THAT Plaintiffs' motion for preliminary injunction is
5  DENIED without prejudice.  This Order terminates Docket 79 and 81.
6      IT IS SO ORDERED.
7  Dated: February 17, 2012      _____
8          SAUNDRA BROWN ARMSTRONG
        United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DOUGLAS J BOGGS et al,

        Plaintiff,

  v.

WELLS FARGO BANK NA et al,

        Defendant.

                                  /

Case Number: CV11-02346 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 21, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Douglas J. Boggs
1038 57th Street
Oakland, CA 94608

Michelle A. Moquin
1038 57th Street
Oakland, CA 94608

Dated: February 21, 2012

                                      Richard W. Wieking, Clerk

                                            By: Lisa Clark, Deputy Clerk