UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DOUGLAS BOGGS, MICHELLE A. MOQUIN,<br><br>        Plaintiffs,<br><br>    vs.<br><br>WELLS FARGO BANK NA, WACHOVIA MORTGAGE, WORLD SAVINGS, GOLDEN W SAV. ASSOC. SERVICES CO., NDEX WEST LLC, LSI Title Co., and DOES 1 to 50,<br><br>        Defendants. | Case No:  C 11-2346 SBA<br><br>**ORDER TO SHOW CAUSE RE REMAND** |

Plaintiffs Douglas Boggs and his wife, Michelle A. Moquin, filed a pro se Complaint against Wells Fargo Bank NA ("Wells Fargo"), Wachovia Mortgage ("Wachovia"), World Savings Bank FSB ("World Savings"), Golden West Savings Association Services Company ("Golden West"), and NDEx West LLC ("NDEx") in the Alameda County Superior Court on April 11, 2011.  Plaintiffs allege that they were defrauded by Defendants in connection with a home equity loan they obtained from World Savings in 2005.  The Complaint alleged state law causes of action for fraud and breach of contract.

On May 12, 2011, Wells Fargo (successor to World Savings and Wachovia) and Golden West, joined by NDEx, removed the action to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.  Notice of Removal, Dkt. 1.  Thereafter on July 27, 2011, Plaintiffs filed a "joinder" which purported to join LSI Title Company ("LSI") as a party-defendant.  Dkt. 25, 26.

1   On October 24, 2011, the Court granted Defendants' motion to dismiss and granted

2   Plaintiffs leave to amend their fraud claim.  Dkt. 47.  On November 14, 2011, Plaintiffs

3   filed a Second Amended Complaint ("SAC") which alleges four fraud claims against Wells

4   Fargo, Wachovia, World Savings, Golden West, NDEx and LSI.  Dkt. 54.  In response,

5   Defendants have filed motions to strike and to dismiss the SAC for failure to state a claim

6   under Federal Rule of Civil Procedure 12(b)(6).  Dkt. 56, 57, 59.

7   Before considering the merits of Defendants' motions, the Court must first

8   determine whether it has jurisdiction over the action.  See United Investors Life Ins. Co. v.

9   Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) (federal courts have a duty to

10   examine their subject matter jurisdiction whether or not the parties raise the issue).

11   Although Defendants removed the action on the basis of diversity jurisdiction, Plaintiffs

12   now appear, based on their reference to "18 U.S.C 47 β 1001 [sic]," to allege federal

13   question jurisdiction under 28 U.S.C. § 1331.  SAC at 3.  The Court construes this citation

14   as reference to Chapter 47 of Title 18 of the United States Code, which pertains "Fraud and

15   False Statements."  See United States v. Youssef, 547 F.3d 1090, 1095 (9th Cir. 2008); see

16   also 18 U.S.C. § 1001(a) (imposing criminal penalties for false statements).  However,

17   there is no private right of action under Title 18 to bring civil fraud claims.  See Fed.

18   Savings & Loan Ins. Corp. v. Reeves, 816 F.2d 130, 137 (4th Cir. 1987); accord Dowdell v.

19   Sacramento Housing & Redevelopment Agency, No. 2:11-cv-00409 JAM KJN PS, 2011

20   WL 837046, at *2 (E.D. Cal. Mar. 8, 2011) (citing cases).  As such, the Court liberally

21   construes Plaintiffs' fraud claims as arising under California law.  Balistreri v. Pacifica

22   Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (pro se pleadings to be liberally construed).

23   Since Plaintiffs' claims arise, if at all, under state law, the Court must now consider

24   whether it has jurisdiction based on the diversity of the parties.  The diversity jurisdiction

25   statute confers jurisdiction in cases where the plaintiffs and defendants are citizens of

26   different states and where the amount in controversy exceeds the sum of $75,000.  28

27   U.S.C. § 1332.  The diversity statute is strictly construed, and any doubts are resolved

28   against finding jurisdiction.  See Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1092

(9th Cir.1983).  It is apparent from the face of the SAC that at least $75,000 is in controversy.  However, it is unclear whether there is complete diversity between the parties—particularly between Plaintiffs and Defendants LSI and Golden West.  Accordingly,

IT IS HEREBY ORDERED THAT:

1.      The parties shall show cause why the instant action should not be remanded for lack of subject matter jurisdiction.  Plaintiff and Defendants each shall submit a written response, not to exceed seven (7) pages, to this Order by no later than **June 8, 2012**, Defendants collectively may submit only one brief.  The parties may not submit any other filings without prior leave of Court until such time as the Court rules on the instant Order to Show Cause.  The Order to Show Cause will be resolved based on the papers submitted.  Civ. L.R. 7-1(b).  The failure to timely respond to this Order will result in the remand of this action to state court.

2.      The Clerk shall terminate Docket 84, 87, 89 and 91, as all of those requests are moot.

IT IS SO ORDERED.

Dated:  May 25, 2012

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA


DOUGLAS J BOGGS et al,

      Plaintiff,

  v.

WELLS FARGO BANK NA et al,

      Defendant.
_____/

Case Number: CV11-02346 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 25, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Douglas J. Boggs
5111 Telegraph Avenue
#262
Oakland, CA 94609

Michelle A. Moquin
5111 Telegraph Avenue
#262
Oakland, CA 94609


Dated: May 25, 2012

               Richard W. Wieking, Clerk

                   By: Lisa Clark, Deputy Clerk