UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DOUGLAS BOGGS, MICHELLE A. MOQUIN,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK NA, WACHOVIA MORTGAGE, WORLD SAVINGS, GOLDEN W SAV. ASSOC. SERVICES CO., NDEX WEST LLC, LSI Title Co., and DOES 1 to 50,<br><br>Defendants. | Case No: C 11-2346 SBA<br><br>**ORDER REMANDING ACTION TO STATE COURT** |

The parties are presently before the Court on an Order to Show Cause ("OSC") why the instant action should not be remanded to the Alameda County Superior Court for lack of subject matter jurisdiction. Having read and considered the papers submitted, and being fully informed, the Court concludes that there is no diversity jurisdiction, and therefore, remand is appropriate.

I. **BACKGROUND**

On April 11, 2011, Plaintiffs Douglas Boggs and his wife, Michelle A. Moquin, acting pro se, commenced the instant mortgage fraud action in Alameda County Superior Court. As Defendants, Plaintiffs named Wells Fargo Bank NA ("Wells Fargo"), Wachovia Mortgage ("Wachovia"), World Savings Bank FSB ("World Savings"), Golden West Savings Association Services Company ("Golden West"), and NDEx West LLC ("NDEx"). Plaintiffs allege that they were defrauded by Defendants in connection with a home equity loan they obtained from World Savings in 2005 and Defendants' subsequent efforts to

foreclose on their home. Plaintiffs alleged only state law causes of action, and no federal claims.

On May 12, 2011, Wells Fargo (the alleged successor to World Savings and Wachovia) and Golden West (collectively "Wells Fargo Defendants"), joined by NDEx, removed the action to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Notice of Removal, Dkt. 1. After removal, Plaintiffs filed a "joinder" which purported to join LSI Title Company ("LSI") as a party-defendant on July 27, 2011. Dkt. 25, 26.

On October 24, 2011, the Court granted Defendants' motion to dismiss with partial leave to amend. Dkt. 47. On November 14, 2011, Plaintiffs filed a Second Amended Complaint ("SAC") which alleges four fraud claims against the Wells Fargo Defendants, NDEx and LSI. Dkt. 54.[1] Defendants filed motions to strike and to dismiss the SAC for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. 56, 57, 59. In the course of reviewing the pleadings, however, the Court determined that Plaintiffs and Defendants Golden West and LSI are residents of California—meaning that complete diversity is lacking between Plaintiffs and all Defendants. As such, on May 25, 2012, the Court issued an OSC directing the parties to show cause why the instant action should not be remanded for lack of subject matter jurisdiction. Dkt. 98. On June 8, 2012, Plaintiff along with the Wells Fargo Defendants filed responses to the OSC. Dkt. 99, 100. Neither LSI nor NDEx filed a response, however.

## II. DISCUSSION

### A. STANDARD OF REVIEW

Federal courts have a duty to examine their jurisdiction sua sponte before proceeding to the merits of a case. See S. Pac. Transp. Co. v. City of Los Angeles, 922 F.2d 498, 502 (9th Cir. 1990). A suit filed in state court may be removed to federal court by the defendant if the federal court has original subject matter jurisdiction over the suit. 28 U.S.C.

---

[1] Plaintiffs have not filed a formal First Amended Complaint, but did purport to amend the Complaint by joining LSI as a party-defendant. Dkt. 25, 26. Thus, Plaintiffs' most recent pleading is styled as a Second Amended Complaint to distinguish it from the original Complaint and subsequent joinder.

§ 1441(a); Snow v. Ford Motor Co., 561 F.2d 787, 789 (9th Cir. 1977). "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006). Section 1331 confers federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under section 1332, district courts have diversity jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a).

Where, as here, an action is removed based on diversity, complete diversity must exist at the time of removal. Gould v. Mut. Life Ins. Co. of N.Y., 790 F.2d 769, 773 (9th Cir. 1986). "Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008). In assessing the citizenship of the parties, "[a] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980). Thus, "[d]efendants who are nominal parties with nothing at stake may be disregarded in determining diversity, despite the propriety of their technical joinder." Strotek Corp. v. Air Transp. Ass'n of Am., 300 F.3d 1129, 1133 (9th Cir. 2002). Nonetheless, because the removal statute is strictly construed against removal jurisdiction, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Further, a district court must remand the case to state court if it appears at any time before final judgment that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

### B. GOLDEN WEST

The Wells Fargo Defendants acknowledge that Golden West is a citizen of California, but contend that Golden West is a nominal party whose citizenship must be disregarded for purposes of removal. Under the "sham" or "fraudulent" joinder doctrine, the citizenship of a non-diverse party may be disregarded if the district court determines

that no possible cause of action has been stated against that party.  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).  There is a "general presumption against fraudulent joinder" and the defendant's burden of demonstrating that a joinder is fraudulent is a "heavy" one.  Hunter v. Philip Morris USA, 582 F.3d 1039, 1046 (9th Cir. 2009).  In addition, courts ordinarily do not consider a non-diverse defendant's defenses on the merits in determining whether that defendant's joinder was "fraudulent."  Id. at 1044.

### 1. Declaration of Non-Monetary Status

The Wells Fargo Defendants first argue that Golden West is a nominal party ostensibly because it previously filed a declaration of non-monetary status prior to removal.  California Civil Code section 2924l permits a trustee to declare "non-monetary status" if it "maintains a reasonable belief that it has been named in the action or proceeding solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee."  Cal. Civ. Code § 2924l(a).  This section further provides that:

> In the event that no objection is served within the 15-day objection period, the trustee shall not be required to participate any further in the action or proceeding, shall not be subject to any monetary awards as and for damages, attorneys' fees or costs, shall be required to respond to any discovery requests as a nonparty, and shall be bound by any court order relating to the subject deed of trust that is the subject of the action or proceeding.

Id. § 2924l(d).

Courts disagree whether a trustee's declaration of non-monetary status under California Civil Code section 2924l, standing alone, is sufficient to transmute a party into a nominal one for purposes of diversity jurisdiction.  See Hershcu v. Wells Fargo Bank, N.A., No. 12-CV-00096 BEN (BLM), 2012 WL 439698, at *2 (S.D. Cal., Feb. 10, 2012) ("The citizenship of Cal-Western may not be ignored for diversity purposes because it has filed a declaration of non-monetary Status"); but see Cabriales v. Aurora Loan Servs., No. C 10-161 MEJ, 2010 WL 761081, at *2 (N.D. Cal., Mar. 2, 2010) (filing of declaration by trustee "transformed it into a nominal party whose citizenship is disregarded for purposes of

assessing diversity jurisdiction"). This Court need not resolve this conflict, however. Even if section 2924l were sufficient to transmute a defendant into a nominal party for purposes of ascertaining federal subject matter jurisdiction, Golden West's non-monetary status was never perfected in the first instance.

"A party that files a declaration of non-monetary status does not actually become a nominal party until 15 days pass without objection." Sun v. Bank of Am. Corp., No. 10-0004, 2010 WL 454720, at *2 (C.D. Cal. Feb. 8, 2010). Here, Golden West filed its declaration of non-monetary status on April 28, 2011, and Wells Fargo Defendants filed their Notice of Removal fourteen days later on May 12, 2011. See Notice of Removal at 2. Because the removal occurred less than fifteen days after Golden West filed its declaration of non-monetary status, Golden West had not yet been transmuted into a nominal party at the time of removal. Hernandez v. First Horizon Loan Corp., No. C 11-0200 SBA, 2011 WL 2531959, at *2 (N.D. Cal., Jun. 24, 2011) (Armstrong, J.). Therefore, the Court cannot disregard Golden West's citizenship for purposes determining whether Plaintiffs and Defendants are completely diverse. See Wise v. Suntrust Mortg., Inc., No. 11-1360 LHK, 2011 WL 1466153, at *4 (N.D. Cal. Apr.18, 2011) (Koh, J.) (granting motion to remand where defendants removed less than fifteen days after the trustee defendant filed a declaration for non-monetary status); accord Hernandez, 2011 WL 2531959, at *2 (same).

### 2. Role as a Former Trustee

Apart from their assertions pertaining to Golden West's declaration of non-monetary status, the Wells Fargo Defendants aver that Golden West was a former trustee, as opposed to the foreclosing trustee, and therefore, has no potential liability in this action. See Notice of Removal at 3; Defs.' Resp. to OSC at 3. The record shows that NDEx was substituted in place of Golden West as trustee on or about February 11, 2011, and that NDEx recorded a Notice of Trustee's Sale on or about March 24, 2011. Compl. Ex. A. The conduct attributed to Defendants, however, is not limited to the act of foreclosure, but also includes actions leading up to the foreclosure. Accordingly, whether Golden West was, in fact, the trustee at the time of foreclosure is not determinative of its potential liability in this action.

See Osorio v. Wells Fargo Bank, No. C 12-02645 RS, 2012 WL 2054997, at *2 n.2 (N.D. Cal., June 5, 2012) ("a declaration of non-monetary status does not render Cal-Western a nominal party if it acted improperly as a trustee, if plaintiff has stated a claim for monetary damages against Cal-Western, or if Cal-Western has a stake in the action against Wells Fargo.").

Citing Kachlon v. Markowitz, 168 Cal. App. 4th 316, 339 (2008), the Wells Fargo Defendants next assert that even if Golden West were the foreclosing trustee, its actions are privileged under California Civil Code section 47(c). Under section 47(c), a publication is privileged when it is made in a communication, without malice,

> (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information. This subdivision applies to and includes a communication concerning the job performance or qualifications of an applicant for employment, based upon credible evidence, made without malice, by a current or former employer of the applicant to, and upon request of, one whom the employer reasonably believes is a prospective employer of the applicant. This subdivision authorizes a current or former employer, or the employer's agent, to answer whether or not the employer would rehire a current or former employee.

Cal. Civ. Code § 47(c). Kachlon holds that the privilege afforded by section 47(c), when applied to claims pertaining to foreclosure under California Civil Code section 2924, is limited to "qualified immunity." 168 Cal.App.4th at 333. Qualified immunity protects only parties who act "without malice." Id. Here, Plaintiffs allege in both their original and amended pleadings that Defendants acted with fraudulent intent. This is sufficient to show that Defendants acted with malice, and a fortiori, forecloses a finding that Golden West is entitled to qualified immunity as a matter of law. See Smith v. Quality Loan Serv. Corp., No. Civ S-11-2108 KJM-EFB, at *3 (E.D. Cal., Jan. 23, 2012) (allegation that trustee acted fraudulently was sufficient to overcome qualified immunity privilege and precluded conclusion that trustee was fraudulently joined).

The Court concludes that the Wells Fargo Defendants, as the removing parties, have failed to carry their heavy burden of demonstrating that Golden West was fraudulently joined as a defendant. Since Golden West is not a sham defendant whose citizenship may be disregarded, the Court finds that complete diversity was lacking at the time of removal and that remand is thus required. See 28 U.S.C. § 1447(c).

### C.     LSI

Like Golden West, Defendant LSI is a citizen of California. The Wells Fargo Bank Defendants contend that LSI's "citizenship should be ignored for purposes of diversity jurisdiction" on the grounds that LSI did nothing more than facilitate the recording of the Notice of Default on behalf of NDeX. Defs.'s Resp. to OSC at 4. The pleadings are not a model of clarity, and LSI's precise role in connection with the claims alleged is not entirely clear. However, it appears that Plaintiffs are alleging, inter alia, that LSI, among others, failed to comply with California law in proceeding with the foreclosure in accordance with California Civil Code section 2923.5. See SAC at 2.

Section 2923.5 provides a private right of action to postpone a foreclosure sale. Mabry v. Superior Court, 185 Cal.App.4th 208, 2141 (2010). Under section 2923.5, "a mortgagee, trustee, beneficiary, or authorized agent" must follow certain procedures in the context of a foreclosure. Cal. Civ. Code § 2923.5. Plaintiffs allege that LSI acted as an agent for Wells Fargo and was involved in the preparation of forged and fraudulent foreclosure notices, including the Notice of Default, Substitution of Trustee and Notice of Trustee's Sale. See Notice of Joinder for Inclusion of LSI Title Company, Dkt. 25. These allegations support the conclusion that Plaintiffs may have a potential claim against LSI under section 2923.5, and that LSI is not merely a nominal party as Wells Fargo Defendants now contend. See Cheng v. Wells Fargo Bank, N.A., No. SACV10-1764-JST (FFMx), 2010 WL 4923045, at *1 (C.D. Cal., Dec. 2, 2010) (finding that LSI was not fraudulently joined in a mortgage fraud action removed from state court where plaintiffs alleged that LSI was acting as an agent for Wells Fargo in connection with the allegedly fraudulent foreclosure of their home). Thus, even if there was complete diversity at the

time of removal, Plaintiffs' subsequent joinder of LSI destroyed diversity jurisdiction and requires remand.  See 28 U.S.C § 1447(e).

### III. CONCLUSION

The Court concludes that it lacks subject matter jurisdiction and that remand is appropriate under 28 U.S.C. § 1447(c), or alternatively, under 28 U.S.C. § 1447(e). Accordingly,

IT IS HEREBY ORDERED THAT the instant action is REMANDED to the Alameda County Superior Court.  The Clerk shall close the file and terminate all pending matters.  The parties may renew their respective motions in the Alameda County Superior Court, where the action will hereinafter continue.

IT IS SO ORDERED.

Dated:  June 13, 2012

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

- 8 -

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DOUGLAS J BOGGS et al,

        Plaintiff,

  v.

WELLS FARGO BANK NA et al,

        Defendant.
                                        /

Case Number: CV11-02346 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 14, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Douglas J. Boggs
5111 Telegraph Avenue
#262
Oakland, CA 94609


Michelle A. Moquin
5111 Telegraph Avenue
#262
Oakland, CA 94609

Dated: June 14, 2012
                                      Richard W. Wieking, Clerk

                                      By: Lisa Clark, Deputy Clerk